Robert J. Messina, Deborah J. Messina, a minor, by Robert J. Messina, her parent and natural guardian, Appellants *v.* Blairsville-Saltsburg School District, Appellee.

Argued October 8, 1985, before President Judge CRUMLISH, JR.; Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Anne M. McArdle,* for appellants.

*Lisa Ondich,* with her, *John A. Kincaid, Jr.,* for appellee.

OPINION BY SENIOR JUDGE KALISH, January 8, 1986:

Deborah Messina (appellant) was on the cheerleader squad and fell and was injured during a practice session in the school yard, after school hours. This occurred during an unsupervised practice session which had been scheduled by a faculty advisor.

The essence of the complaint was that the school district (appellee) was negligent in its supervision of the cheerleading squad.

The appellee contends that the appellant's action is barred by the Political Subdivision Tort Claims Act, 42 Pa. C. S. §§8541-8564.

The appellant contends that the appellee falls within the exception to immunity as it relates to "care, custody and control of real property."[1]

---

[1] 42 Pa. C. S. §8542 provides for eight exceptions to the general grant of immunity to a local agency or an employee thereof. Appellant contends that her action comes within the exception concerning "the care, custody and control of real estate in possession of the local agency." Section 8542(b)(3).

The trial court granted summary judgment for the appellee. We affirm.

A motion for summary judgment may be granted only if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mariscotti v. Tinari,* 335 Pa. Superior Ct. 599, 485 A.2d 56 (1984). Pa. R.C.P. No. 1035(a).

The record must be viewed in the light most favorable to the non-moving party. *Mariscotti.*

A reading of the complaint indicates that the activity complained of had nothing to do with the care, custody or control of the parking lot on which the schoolchildren were practicing. It had to do with the lack of supervision of the schoolchildren when a supervisor failed to show up.

"[I]t would be a total distortion of the language of Section 202(b)(3) [now 42 Pa. C. S. §8542(b)(3)] to allow the supervision, or lack of supervision, of school children to fall within the scope of care, custody and control of real property." *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 253, 437 A.2d 1273, 1275 (1981).

Immunity is not waived solely because the incident occurred on government-owned property. *Vann v. Board of Education of Philadelphia, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

### Order

The order of the Court of Common Pleas of Indiana County, No. 2474 C.D. 1981, dated February 10, 1983, is affirmed.