520 A.2d 110

Kenneth Cestari, Appellant v. School District of Cheltenham Township, Appellee.

Argued December 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Francis X. Kelly*, with him, *Faustino Mattioni, Mattioni, Mattioni & Mattioni, Ltd.*, for appellant.

*Joanne S. Faul,* with her, *James W. Hennessey, Sherr, Moses & Zuckerman, P.C.,* for appellee.

OPINION BY JUDGE CRAIG, January 20, 1987:

Student Kenneth Cestari appeals from an order of the Court of Common Pleas of Montgomery County granting summary judgment for the School District of Cheltenham Township on the ground of governmental immunity, as codified in 42 Pa. C. S. §§8541-8542. We reverse and remand.

While competing in a track meeting at Cheltenham High School on April 28, 1981, the student, a pole vaulter, sustained injuries when he failed to clear the pole and landed with one foot on and one foot off the landing mat.

On April 26, 1983, the student filed a suit against the school district alleging that the district was negligent because, among other things, it had failed to conform to applicable guidelines relative to the placement and number of mats and cushions in and about the pole vault pit, and that it had failed to use, install and maintain the pole vault pit properly.

The governing principle is that the trial court may grant a motion for summary judgment only in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Pa. R.C.P. No. 1035(b).

The trial court must determine whether a genuine dispute as to a material fact exists after an examination of the record in a light most favorable to the non-moving party. *McCloskey v. Abington School District,* 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986).

The student contends that the facts averred in his complaint come within the real property exception to

governmental immunity,[1] section 8542(b)(3) of the Judicial Code, because (1) the pole vault unit which held the standards was affixed to the district's property, thus becoming realty, and (2) the district was negligent in that it insufficiently protected the pole vault pit with mats.

The real property exception imposes liability for negligence which makes government-owned real property unsafe for activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983).

In *Brown v. Quaker Valley School District,* 86 Pa. Commonwealth Ct. 496, 486 A.2d 526 (1984), a student suffered injuries in gym class while practicing on a springboard and vaulting horse. This court held that, because the springboard and the vaulting horse were movable equipment as opposed to fixtures, they did not fall within the real property exception to governmental immunity.

The trial court here dismissed the student's assertion that the pole vaulting equipment was affixed to the school property and stated that the "assertion is defective as the pole vaulting equipment is in fact movable property as were the spring board and the vaulting horse in the *Brown* case."

---

[1] 42 Pa. C. S. §8542(b)(3), which provides in pertinent part:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real Property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages [with exceptions not relevant here]. . . .

However, unlike the facts in *Brown,* here there is a factual dispute as to whether the pole vault unit was permanently affixed to the district's property.

Moreover, as Judge BARRY noted in *McCloskey,* "it is the opinion of the Court that the question of the intent of the parties makes most decisions on whether fixtures are real estate a matter for a fact-finder rather than something that can be decided as a matter of law by the Court." *McCloskey* at 115, 515 A.2d at 645.

Hence, the trial court erred in making a determination on that material factual issue on a summary judgment disposition.

Additionally, regarding the student's assertion that the district failed to protect sufficiently the pole vault pit with mats, this court has recently decided, in a similar case regarding insufficient mat protection on hardwood floors of a gymnasium, that because "proper gym floor matting is an essential safety element of a gymnasium floor being utilized for a vaulting stunt, it is an aspect within the District's care, custody and control of its real property, subject to the real property exception." *Singer v. School District of Philadelphia,* 99 Pa. Commonwealth Ct. 553, 556, 513 A.2d 1108, 1110 (1986).

Because proper matting similarly could constitute an essential safety element of the district's grounds being used for pole vaulting, the situation in this case can come within the real property exception.

Thus, material issues of fact as to (1) the adequacy of the mat protection on the landing surface, and (2) whether the pole vault fixture was real estate, remain unresolved.

Accordingly, we must reverse the common pleas court order granting summary judgment for the district, and we remand this case to that court for further proceedings.

## ORDER

Now, January 20, 1987, the order of the Court of Common Pleas of Montgomery County, No. 83-06362, dated September 4, 1985, is reversed and the case is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.