## Hopkins v. Bucks County Department of Parks and Recreation

*Leonard N. Ross,* for plaintiff.

*Martin J. King,* for Bucks County Department of Parks and Recreation.

*Wallace H. Bateman* and *Charles A. Harad,* for Marci Miller.

*Thomas M. Close,* for Oxford Valley Public Golf Course.

KELTON, *J.,* January 4, 1990 — On August 15, 1987, plaintiff, Helen Hopkins, age 72, was on the premises of the Oxford Valley Public Golf Course operated by Bucks County Department of Parks and Recreation.

Plaintiff had gone to the golf course to participate in a tournament which was being sponsored by the county. In charge of the tournament was defendant,

Marci Miller, a county employee. Plaintiff had made prior arrangements to play with a group of friends, members of a women's auxiliary.

While waiting for her tee-off time, plaintiff sat in a room adjoining the Pro Shop. When she was summoned to tee off, she rose from her chair, and while walking through a doorway to the Pro Shop, she tripped over Ms. Miller's dog's leash, which apparently was obstructing the doorway to the Pro Shop. Plaintiff fell on her left side and suffered a fractured femur.

The matter is now before us on defendant, Bucks County's motion for summary judgment. The county argues that it is immune from liability and that the events are not within any of the exceptions to immunity set forth in section 8542 of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542.

Because we believe that defendant's right to relief is not clear, we deny the motion for summary judgment.

42 Pa.C.S. §8542(b) provides in pertinent part as follows:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency; . . .

"(3) *Real property* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages [with exceptions not relevant here] . . .

"(8) *Care, custody or control of animals* — The care, custody or control of animals in the possession or control of a local agency, including but not limited to police dogs and horses . . . "

Considering the record in the light most favorable to plaintiff, it may be possible for a fact-finder to conclude that plaintiff was a business invitee in defen-

dant's premises, and that the county's employee was negligent in allowing the doorway area to remain in a dangerous condition obstructed by the dog leash.

The initial question is whether or not there is any liability which might arise out of the "care, custody or control of real property" in the possession of the county.

As to that issue, it has been held that the real-property exception from immunity must involve some sort of negligent conduct which is directly related to the condition of the property itself. However, this direct relationship may include the manner in which the *real* property is used in conjunction with personal property.

For example, in *Singer v. School District of Philadelphia,* 99 Pa. Commw. 553, 513 A.2d 1108 (1986), the plaintiff's complaint alleged negligence of the school district in the care, custody and control of the landing surface around a gymnasium vaulting horse. President Judge Crumlish held that a necessary element of the gymnasium's hardwood floor, which was regularly used as a gymnastic stunt area, was the provision of sufficient matting protection to insure safe landing by the students. The court held that the provision of proper gym floor matting was an aspect within the school district's care, custody and control of its real property. Therefore, the court reversed the common pleas court's order which had granted judgment on the pleadings in favor of the school district.

See also, *Cestari v. School District of Cheltenham Township,* 103 Pa. Commw. 274, 520 A.2d 110 (1987), allocatur denied, 517 Pa. 595, 535 A.2d 84 (1987). (Summary judgment for defendant school district reversed; complaint alleging failure to provide proper padding for pole-vault landing area stated a cause of action).

Thus, as to the real-property exception, we believe that a doorway which has an obstruction across it may be defective real estate. We compare it to a sidewalk which is coated with ice, or a grocery floor with slippery debris.

We also believe that it may be possible for plaintiff to prove at trial that defendant county was negligent in its care, custody or control of an *animal* in the possession or control of the county. The record indicates that the dog in this case belonged to defendant Marci Miller who was employed at that time as a supervisor in the Parks Department. Evidence in the record is sufficient to permit a jury to conclude that the county was aware of the fact that Ms. Miller frequently brought the dog with her to various park events which she was supervising.

The county has argued that plaintiff has failed to plead in her complaint a cause of action under the animal exception, 42 Pa.C.S. §8542(b)(8). However, we note that paragraph 8(e) of the complaint alleges that the defendant was negligent in "permitting a dog leash to remain stretched across the doorway." We believe the issue has been properly pleaded.

In summary, we believe that there is an issue for the fact-finder as to whether or not the doorway which plaintiff was intending to use as an exit was, in fact, rendered unsafe by the presence of the dog and its leash as an obstruction to the door.

We therefore enter the following

## ORDER

And now, January 4, 1990, the motion of defendant Bucks County Department of Parks and Recreation for summary judgment is hereby denied.