587 A.2d 875

**CITY OF PHILADELPHIA, Petitioner,**

v.

**John BUCK and Margaret Buck, his wife, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 1990.

Decided Feb. 28, 1991.

Petition for Allowance of Appeal Denied
Aug. 19, 1991.

Charisse Lillie, City Sol., with her, Norma S. Weaver, Chief Deputy, Miriam B. Brenaman, Deputy Sol. for Appeals and Alan C. Ostrow, Chief Asst. City Sol., Philadelphia, for petitioner.

Sonia M. Silverstein, Wilson & Silverstein, Philadelphia, for respondents.

Before SMITH and BYER, JJ., and BARRY, Senior Judge.

SMITH, Judge.

The City of Philadelphia (City) appeals from the April 27, 1990 order of the Court of Common Pleas of Philadelphia County overruling preliminary objections of the City in the nature of a demurrer to the complaint filed by John Buck and Margaret Buck (Bucks), husband and wife. In its preliminary objections, the City asserted a governmental immunity under the Political Subdivision Tort Claims Act.[1]

1. Act of November 26, 1978, P.L. 1399, *as amended, formerly,* 53 P.S. §§ 5311.101–5311.803, repealed by the Act of October 5, 1980, P.L. 693. The current law regarding governmental immunity is now

On June 23, 1987, John Buck was present at the Rizzo Rink, a facility owned and maintained by the City, to watch a roller hockey game sponsored by the City in which his nephew was playing. During the game, several players of one team cornered John Buck's nephew and threatened him physically. John Buck approached the players to prevent any violence and was struck in the face by one of the players with a broken skate, sustaining serious injuries. The Bucks filed their complaint against the City alleging that the City was negligent in failing to provide adequate security against criminal or violent acts, to provide adequate supervision during the roller hockey game, to maintain the Rizzo Rink in a safe condition, to warn the spectators of the dangers during the game, and to promulgate rules and regulations to prevent acts of violence at the Rizzo Rink. Margaret Buck alleged that she suffered a loss of consortium as a result of the City's alleged negligence.

The City filed preliminary objections to the complaint raising the defense of governmental immunity as provided in 42 Pa.C.S. § 8541.[2] The trial court overruled the City's preliminary objections concluding that "[f]ights at a hockey game are foreseeable and the Complaint shows that the injuries were suffered at a City-owned skating rink in the course of a City-sponsored hockey game." Trial Court Opinion, p. 4.[3] Thereafter, the City filed a petition with the

found in Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

2. Section 8541 provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

3. Although Pa.R.C.P. No. 1030 provides in pertinent part that "[a]ll affirmative defenses including but not limited to ... immunity from suit ... shall be pleaded in a responsive pleading under the heading 'New Matter,'" the affirmative defense of governmental immunity may be raised by preliminary objections in the nature of a demurrer where that defense is apparent on the face of the pleading. Further, preliminary objections raising the defense of governmental immunity may be considered if the opposing party waives the procedural defect. *Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d

trial court seeking a reconsideration of the decision or an amendment to the order, pursuant to 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311, to certify the issue for interlocutory appeal. After the trial court denied the petition, the City filed a petition for review or a petition for permission to appeal from an interlocutory order which this Court granted on July 6, 1990.

The sole issue presented in this appeal is whether the Bucks' allegations of the City's negligence fall within the exception to governmental immunity covering the care, custody and control of real property by a local agency under 42 Pa.C.S. § 8542(b)(3).[4] The City argues that the real property exception does not apply to any acts of third parties, even when the acts are committed on governmental property and some defect of the property facilitates the injuries caused by the acts of third parties. This Court agrees.

In ruling on a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. A demurrer will be sustained only when it appears, with certainty, that the law permits no recovery under the allegations pleaded. *Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990); *Judge v. Allentown and Sacred Heart Hospital Center,* 90 Pa.Commonwealth Ct. 520, 496 A.2d 92 (1985). Further, in reviewing the instant appeal, this Court is guided by the principle that since 42 Pa.C.S. § 8542(b)(3) is

403 (1990); Pa.R.C.P. No. 1032. In the matter *sub judice,* Respondents did not object to the City's raising an affirmative defense by preliminary objections.

4. Section 8542(b)(3) provides in pertinent part:
   **(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.

   .    .    .    .    .

   (3) Real Property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

an exception to the rule of governmental immunity, its provisions must be narrowly interpreted given the expressed legislative intent to insulate local agencies from tort liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).[5]

■ In *Mascaro*, a case involving a claim of governmental immunity under 42 Pa.C.S. § 8541, the Pennsylvania Supreme Court construed 42 Pa.C.S. § 8542(b)(3) as follows:

We agree that the real estate exception to governmental immunity is a narrow exception and, by its own terms, refers only to injuries arising out of the care, custody or control of the real property in the possession of the political subdivision or its employees. Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of *others*, however, are specifically excluded in the general immunity section (42 Pa.C.S. § 8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees. This, of course, is a difference from the duties and liabilities of a private landowner who can be held accountable for the forseeable [sic] criminal conduct of others.... (Emphasis in original.)

*Id.*, 514 Pa. at 362, 523 A.2d at 1124. Further, the Supreme Court, after citing a series of this Court's decisions which consistently held that the real property exception was unavailable to claims of negligence arising out of a failure to

5.  42 Pa.C.S. § 8542(a) provides that liability may be imposed if the following two threshold conditions are satisfied *and* if the injury occurs as a result of one of eight acts described at 42 Pa.C.S. § 8542(b): (1) damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense; and (2) the injury must be caused by the negligent acts of the local agency or its employee acting within the scope of its office or duties, excepting therefrom acts of crime, fraud, malice or willful misconduct.

adequately supervise the conduct of students or other persons, concluded that the real estate exception applies only where a plaintiff alleges that the artificial condition or defect of the land itself causes the injury and not when it facilitates injury by a third party. Thus, the real estate exception prohibits the imposition of liability on the local agency for harm caused by a third party. *See also Chevalier v. City of Philadelphia*, 516 Pa. 316, 532 A.2d 411 (1987) and *Johnson v. Southeastern Pennsylvania Transportation Authority*, 516 Pa. 312, 532 A.2d 409 (1987) (city is immune from tort liability for injuries sustained in criminal assault in subway concourse, as the real property exception to tort immunity statute applies only when injuries arise out of defect in city-controlled land, not from tortious acts of persons on that land).

■ In the matter *sub judice*, there are no allegations in the complaint that any artificial condition or defect in the Rizzo Rink caused or facilitated the Bucks' injuries. Rather, the gravamen of their complaint is that the City was negligent in failing to provide adequate supervision or security to guard against the criminal acts of a third party. Under the *Mascaro* holding, this Court concludes that allegations contained in the complaint are not sufficient to state a claim which falls within the real property exception. *See also Farber v. Pennsbury School District*, 131 Pa.Commonwealth Ct. 642, 571 A.2d 546 (1990) (real property exception held inapplicable in claim against the school district for alleged failure to supervise school-sponsored race).

■ The Bucks rely upon this Court's decision in *Cestari v. School District of Cheltenham Township*, 103 Pa.Commonwealth Ct. 274, 520 A.2d 110, *appeal denied*, 517 Pa. 595, 535 A.2d 84 (1987), for the proposition that "the real property exception imposes liability for negligence which makes government-owned real property unsafe for activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Id.*, 103 Pa.Commonwealth Ct. at 276, 520 A.2d at 111. The Bucks argue and the trial court reasoned in its opinion that since fights

during hockey games are foreseeable, a lack of supervision by the City constituted negligence falling under the real property exception. This Court finds *Cestari* factually distinguishable. In *Cestari*, an action was brought by a student against the school district to recover damages for injuries sustained when the student, a pole vaulter, failed to clear the pole and landed with one foot on and the other foot off the landing mat. The student contended that the facts averred in his complaint fell within the real property exception. This Court concluded that a genuine issue of material fact existed as to whether the pole vault unit was permanently affixed to the school district's property so as to constitute real property, thereby precluding summary judgment. Unlike the instant matter, *Cestari* did not involve the acts of a third party causing injuries.

■ In summary, the complaint indicates on its face that the Bucks' claims cannot be sustained and that the law will not permit any recovery. Further, permitting an amendment to the complaint would be futile since the Bucks' injuries were caused by the acts of the third party, and the City is immune from all liability resulting therefrom. *Chevalier; Gillespie v. St. Joseph's University*, 355 Pa.Superior Ct. 362, 513 A.2d 471 (1986).[6] Accordingly, the City's preliminary objections in the nature of a demurrer should have been sustained by the trial court.

BYER, J., concurs in the result only.

### ORDER

AND NOW, this 28th day of February, 1991, the order of the Court of Common Pleas of Philadelphia County dated April 27, 1990, overruling the preliminary objections in the nature of a demurrer filed by the City of Philadelphia is

6. It is well settled in Pennsylvania that an action for loss of consortium is derivative of the injured spouse's claim. *Mansitti v. Amsler*, 379 Pa.Superior Ct. 454, 550 A.2d 537 (1988), *aff'd*, 524 Pa. 587, 574 A.2d 601 (1990). Thus, since the injured husband's claims are barred by governmental immunity, the wife's claims for a loss of consortium are also barred.

hereby reversed, and the complaint filed by John Buck and Margaret Buck is dismissed.