## Buel v. Mirchandani

*Dennis M. Abrams,* for plaintiff.
*Gabriel L. Bevilacqua,* for defendants.

MIRARCHI, *J.,* April 13, 1992—

## MEMORANDUM AND ORDER

Emeline Buel, has filed a complaint as representative of a class of persons similarly aggrieved, against Dr. Haresh Mirchandani, medical examiner of Philadelphia, and Trustees of the University of Pennsylvania, and Allan C. Rosenquist, Ph.D., alleging misconduct on the part of the defendants under and in their capacity with respect to the mishandling of the bodies of their deceased relatives.

Defendants have filed preliminary objections in the nature of a demurrer to Counts III and IV and seek dismissal of plaintiff's complaint. For the reasons hereinafter set forth, the defendants' motion to dismiss plaintiff's complaint is denied and defendants' preliminary objections are dismissed.

## COUNT III

*Allan C. Rosenquist, Ph.D. and the Trustees of the University of Pennsylvania for intentional, wanton or bad faith mishandling of the body of a decedent.*

Buel alleges that Rosenquist and the trustees, without privilege and/or consent, did solicit "human brains" for "educational and experimental purposes" from the county coroner; that they performed or caused to be performed dissection and analyses upon decedent's brain without prior consent or authorization of the decedent or his family.

Buel further alleges that defendants "acted intentionally, maliciously, wantonly, outrageously, arbitrarily, capriciously and in bad faith because they knew or deliberately disregarded the fact that they did not have decedent's or the family's authorization or consent to perform the dissection or analyses." Buel further alleges that as a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer serious mental and emotional distress, outrage, humiliation and embarrassment.

Defendants Rosenquist and the trustees allege plaintiff has failed to "state a claim for emotional distress based upon intentional wanton or bad faith mishandling of the body of a decedent."

Defendants further allege that the facts as set forth by plaintiff "do not constitute outrageous or wanton conduct as a matter of law."

The facts indicate that Emmanual Johnson died of multiple gunshot wounds in his torso. The medical examiner is mandated to investigate the death of a "sudden, violent or suspicious nature" pursuant to 16 Pa.C.S. §9521.

Plaintiff alleges that Mirchandani and/or his associates without privilege and without consent intentionally operated upon the dead body removing the brain and further, without consent or privilege, sent such brain to the University of Pennsylvania Medical School for education and experimentation causing serious mental and emotional distress.

Defendant Mirchandani claims immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. However, under section 8542 of the said Act, negligence does not include "acts or conduct which constitute a crime,

actual fraud, actual malice or willful misconduct." Further section 8550 relates to a judicial determination with respect to the "act of an employee which may constitute a crime, actual fraud, actual malice or willful misconduct" thus removing the protection granted by the provision of sections 8545, 8546, 8548 and 8549.

In a case of first impression, the Pennsylvania Supreme Court concluded that "recovery may be had for serious mental or emotional distress caused by the intentional and wanton acts of mishandling a decedent's body." *Papieves v. Kelly,* 437 Pa. 373, 379, 263 A.2d 118, 121 (1970). The court cited the Restatement of Torts (First) §868.

"A person who wantonly mistreats the body of a dead person or who, without privilege, intentionally removes, withholds or operates upon the dead body, is liable to the member of the family or such person who is entitled to the disposition of the body."

Defendants cannot claim immunity under the Political Subdivision Tort Claims Act where the acts are intentional torts amounting to "actual malice" or "willful misconduct." *Agresta v. City of Phila.,* 694 F. Supp. 117 (Ed. Pa. 1988).

Additionally, plaintiffs may invoke the "personal property" exception to immunity under 42 Pa.C.S. §8542(b)(2). In *Geiges v. Rosko,* 49 D.&C.3d 61 (1987), a county coroner's office appointed a medical examiner to perform an autopsy on decedent's body. However, due to a mix-up of bodies, the decedent's body was mistaken for that of another male and was cremated without permission from decedent's family. Plaintiffs brought suit for the negligent

mishandling of a body and defendant filed preliminary objections asserting governmental immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. The court noted that immunity is not absolute:

"Under section 8542(a) liability may be imposed on the agency or its employee (under section 8545) if (1) damages would have been recoverable under common law if the injuries had been caused by a person without immunity and (2) the instant injury had been caused by the negligent acts of the local agency or by an employee acting within the scope of his office."

Additionally, if the conditions for section 8542(a) are met, there still may be applicable "special exceptions" under section 8542(b)(2). One such exception is the care, custody or control of personal property.

The issue the court addressed was whether a decedent's remains are "personal property" within the meaning of the Statute. The court indicated that "Pennsylvania law has long recognized the special rights of next of kin regarding a decedent's remains." Additionally, there is a series of cases which grant a quasi-property right in the body to decedent's close relatives. Therefore, the court held that the plaintiffs had property rights in their son's remains, precluding defendants from defending on the basis of immunity.

In the instant case, if the defendant medical examiner Mirchandani, violated the plaintiff's property rights in her decedent son's remains, then likewise, defendants Allan C. Rosenquist, and the Trustees of the University of Pennsylvania are liable as well. The complaint indicates that the defendant medical examiner gave possession of decedent's brain and 24 other normal human

brains to defendant Rosenquist, an employee and agent of the defendant Trustees of the University of Pennsylvania. The brains were then dissected and/or analyzed.

In ruling on preliminary objections in the nature of a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969). A demurrer will be sustained only when it appears with certainty, that the law permits no recovery under the allegations pleaded. *City of Philadelphia v. Buck,* 138 Pa. Commw. 250, 587 A.2d 875 (1991).

In conclusion, plaintiff Emeline Buel has set forth sufficient allegations to state a cause of action for emotional distress based upon the intentional, wanton or bad faith mishandling of the body of her son against each of the defendants. As for defendant Mirchandani's claim of immunity, the plaintiff may recover by establishing "actual malice" or "willful misconduct"; or alternatively by establishing the "care, custody or control of personal property" exception to the Political Subdivision Tort Claims Act. Since preliminary objections in the nature of a demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit plaintiff to recover, defendants' motion to dismiss Count III must be overruled.