613 A.2d 91

**Marilyn Dolores PURDY and Frank Purdy, her husband, Appellants,**

**v.**

**Mark ROMEO, Joelyne Pohutsky, Richard Agretto, Colonial Northampton Intermediate Unit # 20, Delaware Valley School District and Stroudsburg School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided July 17, 1992.

Peter G. Loftus, for appellants.

P. Daniel Altland, for appellees.

Before SMITH and KELLEY, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

Marilyn and Frank Purdy appeal an order of the Court of Common Pleas of Monroe County sustaining preliminary objections and dismissing all counts of their amended complaint against Colonial Northampton Intermediate Unit # 20 and

Delaware Valley School District (collectively Employers) and further dismissing two counts of the amended complaint pertaining to Joelyne Pohutsky and Richard Agretto (collectively Supervisors).[1]

Marilyn Purdy was a teacher with Colonial Northampton Intermediate Unit #20 and taught in the Delaware Valley School District from July, 1988 through July, 1989 where Joelyne Pohutsky was her supervisor and Mark Romeo was a student. In September, 1989, she began teaching in the Stroudsburg School District and Richard Agretto became her supervisor. The Purdys subsequently commenced this action and filed an amended complaint on April 22, 1991 seeking compensatory and punitive damages. The amended complaint alleges that Mark Romeo assaulted and battered Marilyn Purdy; Mark Romeo, Supervisors and Employers intentionally inflicted emotional distress upon Marilyn Purdy; and Supervisors interfered with Marilyn Purdy's employment contract and conspired to harass and intimidate her into resigning from her position.

The trial court determined that Employers were immune from this suit because the Purdys' amended complaint failed to allege a claim which falls within one of the enumerated exceptions to governmental immunity as provided by 42 Pa.C.S. § 8542(b);[2] notwithstanding the Purdys' argument, the real estate exception to governmental immunity is not applicable since the averments which are couched in terms of Employers' negligence, are predicated upon a failure to adequately supervise the conduct of a student instead of alleging that a defect in the land caused the injury;[3] and the allega-

---

1. Stroudsburg School District and Mark Romeo are not involved in this appeal because the trial court dismissed the claims against Stroudsburg School District pursuant to an agreement of the parties and by separate order, and Mark Romeo did not file preliminary objections to the amended complaint.

2. *Chevalier v. City of Philadelphia,* 91 Pa.Commonwealth Ct. 36, 496 A.2d 900 (1985), *rev'd on other grounds,* 516 Pa. 316, 532 A.2d 411 (1987).

3. *Davies v. Barnes,* 94 Pa.Commonwealth Ct. 145, 503 A.2d 93 (1986); *Messina v. Blairsville–Saltsburg School Dist.,* 94 Pa.Commonwealth Ct.

tions of intentional infliction of emotional distress, interference with a contractual relationship and civil conspiracy do not fit within any of the categories of waiver of governmental immunity. The trial court also determined that Supervisors were not protected by official immunity provided by 42 Pa.C.S. § 8545 since the term intentional tort is synonymous with the term willful misconduct[4] and local agency officials are not protected from claims of willful misconduct pursuant to 42 Pa.C.S. § 8550. However, the trial court sustained Supervisors' preliminary objections in part and dismissed those counts of the amended complaint which allege interference with a contractual relationship and conspiracy to interfere with a contractual relationship since such actions against supervisory employees are not recognized in Pennsylvania.[5]

■ On appeal to this Court, the Purdys argue that the trial court abused its discretion by sustaining Employers' preliminary objections since the acts alleged in the amended complaint essentially amount to a willful disregard for Marilyn Purdy's safety and mental health. The Purdys maintain that the real property exception is applicable and attempt to distinguish *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), and *Lynch v. National Railroad Passenger Corp.*, 115 Pa.Commonwealth Ct. 474, 540 A.2d 635 (1988), *aff'd sub nom. Gardner v. Consolidated Rail Corp.*, 524 Pa. 445, 573 A.2d 1016 (1990), by contending that, in this case, the student who engaged in criminal behavior and caused the injury is not a third party because Employers' employees taught him and had knowledge of his mental problems and personal animosity toward Marilyn Purdy. The Purdys further argue that the claims against Supervisors should not have

100, 503 A.2d 89 (1986); *See also Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *City of Philadelphia v. Buck*, 138 Pa.Commonwealth Ct. 250, 587 A.2d 875, *appeal denied*, 528 Pa. 618, 596 A.2d 801 (1991).

4. *King v. Breach*, 115 Pa.Commonwealth Ct. 355, 540 A.2d 976 (1988).

5. *Menefee v. Columbia Broadcasting System, Inc.*, 458 Pa. 46, 329 A.2d 216 (1974); *Martin v. Capital Cities Media, Inc.*, 354 Pa. Superior Ct. 199, 511 A.2d 830 (1986), *appeal denied*, 514 Pa. 643, 523 A.2d 1132 (1987).

been dismissed since the Supervisors are not immune from liability; their conduct was against the interests of Employers; [6] and they conspired together.

Upon review, this Court finds no basis to support the Purdys' contentions that the trial court erred. Therefore, as the trial court has correctly decided this case, its decision is affirmed on the basis of the opinion issued by Judge Peter J. O'Brien in *Purdy v. Romeo,* 10 Pa.D. & C. 4th 242 (1991) (C.C.P. of Monroe County, No. 178 Civil of 1991, filed July 15, 1991).

## ORDER

AND NOW, this 17th day of July, 1992, the order of the Court of Common Pleas of Monroe County is hereby affirmed upon the opinion issued by Judge Peter J. O'Brien in *Purdy v. Romeo,* 10 Pa.D. & C.4th 242 (1991) (C.C.P. of Monroe County, No. 178 Civil of 1991, filed July 15, 1991).

---

**6.** In Pennsylvania, claims by employees against supervisory agents of employers alleging interference with contractual relationships fail because there are no third parties to induce the requisite breach of employment contracts. *See Menefee; Martin.* The Purdys cite *Avins v. Moll,* 610 F.Supp. 308 (E.D.Pa.1984), *aff'd,* 774 F.2d 1150 (3d Cir.1985) (a diversity jurisdiction case), and argue that there is an exception to this general rule when the conduct of the supervisory agent, who allegedly caused the breach of contract, is against the best interest of the employer. While this Court has reservations about whether such an exception exists in tort actions other than wrongful discharge cases, this argument fails here because the Purdys did not allege that the employment contract was breached and do not indicate how Supervisors' conduct effected Employers' interests. *See Mann v. J.E. Baker Co.,* 733 F.Supp. 885 (M.D.Pa.1990).