## Canizares v. City of Philadelphia

*Joseph Lurie,* for plaintiffs.
*Angelo L. Scaricamazza, Jr.,* for defendant.

GORDON, *J.,* July 16, 1993—This is an appeal from the grant of a compulsory nonsuit in favor of the defendant City of Philadelphia.

The facts of this case are as follows:

On May 12, 1983, Emanuel Canizares was injured when he fell from a trough located on top of a sedimentation tank at the Northeast Sewage Treatment Plant in Northeast Philadelphia. Mr. Canizares fell when, while standing on the trough, he placed his foot onto a wooden plank, located at the edge of the trough, and the plank gave way. Mr. Canizares lost his balance and fell backwards to the concrete surface. There was an absence of fall protection to arrest his fall.

At the time of his fall, Mr. Canizares was employed by Curtis T. Bedwell & Sons, Inc. (hereinafter "Bedwell") as a carpenter. The City of Philadelphia (hereinafter "the city") was the owner of the construction site and Bedwell was the contractor hired by the city to perform structural work at the location. Pursuant to its contract with the city, Bedwell had the responsibility to furnish any and all labor, materials, plant tools and appliances. It also had the obligation to ensure that its employees performed their work in a safe manner and provide the necessary equipment and appliances to see that the work was carried out in a safe manner.

On February 13, 1992, at the conclusion of the plaintiff's case, this court entered a compulsory nonsuit against the plaintiffs and in favor of the city, holding that it could not be held liable under 42 Pa C.S. §8542(b)(3). The plaintiffs filed timely post-trial motions seeking a new trial pursuant to Pa.R.C.P. 227.1 and the removal of the compulsory nonsuit. The court denied the plaintiffs' post-trial motions and this appeal followed.

The plaintiffs allege that the trial court erred in granting a compulsory nonsuit in favor of the defendant. They further allege that the trial court failed to consider the evidence in a light most favorable to them.

A motion for a compulsory nonsuit may be granted only where, viewing all of the evidence, including all reasonable inferences which can be drawn therefrom, in the light most favorable to the plaintiff, it can only be concluded that the plaintiff has failed to establish a right to relief. *Storm v. Golden,* 371 Pa. Super. 368, 538 A.2d 61 (1988), *app. denied,* 524 Pa. 630, 574 A.2d 71 (1989). A compulsory nonsuit may be entered only where facts lead unerringly to the conclusion of absence of liability. *Griffin v. Tedesco,* 355 Pa. Super. 475, 513 A.2d 1020 (1986). In light of the following discussion, it is clear that the facts lead to the conclusion of absence of liability on the part of the city.

The Political Subdivision Tort Claims Act provides for local governmental immunity for damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person. The Act sets forth exceptions to governmental immunity in 42 Pa.C.S. §8542. The real estate exception to local agency immunity is found in subsection 8542(b)(3) which states, in part:

"(b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) Real property.—The care, custody or control of real property in the possession of the local agency except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."

The facts of this case fail to bring it within the real property exception to governmental immunity.

In *Maloney v. City of Philadelphia,* 111 Pa. Commw. 634, 535 A.2d 209 (1987), a contractor was hired to erect sludge digester tanks on premises owned by the City of Philadelphia. While working on the job, Maloney fell and was injured when an improperly secured stringer on the scaffolding he was climbing twisted. The scaffolding was not owned by the city, but had been erected by Maloney and the contractor. The court concluded that because the harm was caused by the contractor, the harm to Maloney could not be imputed to the city.

The plaintiffs contend that *Maloney* is distinguishable in that the instant case involves real property (the trough), and *Maloney* involves personal property (the scaffold). This contention is without merit for the same reasons as found in *Maloney.*

The plank, like the scaffolding in *Maloney,* is personalty, not real property. Real property is land and that which is affixed to the land. *Black's Law Dictionary* 1218 (6th ed. 1990). Personalty is property that is not attached to real estate. *Id.* at 1144. Nor is the plank a fixture which would qualify it as real property. The plank was temporary, movable and used only to walk from trough to trough. Thus, the plank cannot be con-

sidered as real property for the purpose of the real property exception to local governmental immunity.

The court in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), reached an almost identical conclusion. In *Mascaro* the court held "that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." (emphasis in original) *Mascaro* at 363, 523 A.2d at 1124. In the instant case, the evidence shows that the plank was placed on the trough by a third party. The real estate exception prohibits the imposition of liability on the local agency for harm caused by a third party.

The plaintiffs' safety expert witness, Vincent Gallagher, testified that the work site was unsafe because there was not adequate fall protection. (N.T. 2/4/92 pp. 61-62.) Mr. Gallagher further testified that OSHA regulations provide for fall protection to be provided. Mr. Gallagher stated that the City of Philadelphia deviated from established construction safety practices by failing to insure that people are not needlessly injured on their job site. (N.T. 2/4/92 p. 72.)

This contention must also fail. In *Maloney,* the plaintiff also alleged that the city's negligence in failing to insure that the contractor properly erected scaffolding was the cause of his injuries. The court, in rejecting this contention, acknowledged that it was the contractor's actions which resulted in Maloney's harm. The court however, found that because the contractor was an independent contractor, and not an employee of the city, the harm caused by the contractor could not be imputed to the city.

In *Hawkins v. City of Harrisburg,* 120 Pa. Commw. 369, 548 A.2d 399 (1988), the court held that the city, as lessor of city property, was immune from liability for a laborer's injuries caused by the contractor's alleged negligent erection of scaffolding. In *Hawkins,* a laborer was injured when he fell from scaffolding while working for a contractor on property owned by the city. The plaintiff asserted that the scaffolding was erected in an unsafe manner by the contractor, acting pursuant to orders negligently given by the city. The city in its preliminary objections invoked immunity pursuant to 42 Pa.C.S. §8541 which were sustained by the trial court.

On appeal, the appellant Hawkins contended that the complaint was sufficient to state a cause of action against the city for failure to exercise care, custody or control of real property pursuant to the real estate exception to governmental immunity. The court rejected the appellant's argument and, citing *Maloney,* held that scaffolding, erected to perform construction work, is not real property within the meaning of the real estate exception. The court further held that even if the scaffolding were real property and the city was negligent in its control over the construction project, the city could not be held liable for injuries caused by the acts of others. *Mascaro, supra; Maloney, supra.*

It has already been decided in this case that the plank is personalty, not real property. However, even if the plank were real property and the city was negligent in its control over the construction project, a third party placed the plank on the trough. The city cannot be held liable for injury caused by others. 42 Pa.C.S. §8541; *Hawkins; Mascaro; Maloney.*

The plaintiff cites *Cestari v. School District of Cheltenham Township,* 103 Pa. Commw. 274, 520 A.2d 110

(1987), *app. denied,* 517 Pa. 595, 535 A.2d 84 (1987) for the proposition that a genuine issue of material fact existed as to whether the trough was defective in the absence of fall protection. However, *Cestari* is factually distinguishable from the matter sub judice. In *Cestari,* a student pole vaulter was injured when he failed to clear the pole and landing mat. The court held that a genuine issue of material fact existed as to 1) the adequacy of the mat protection and 2) whether the pole vault fixture was real estate. Therefore, the trial court erred in granting summary judgment. Unlike the instant matter, *Cestari* did not involve the acts of a third party causing injuries.

The plaintiff cites the cases of *Buschman v. Druck,* 139 Pa. Commw. 182, 590 A.2d 53 (1991), and *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), *app. granted,* 525 Pa. 550, 582 A.2d 1311 (1990) in support of his theory that a plaintiff may recover where the condition created by the defendant city was not the sole factor in the course of events which ultimately caused the injury. These cases are distinguishable from the case before this court.

The above cited cases, unlike this case, did not involve acts of a third party which were found to be a superseding cause, absolving the city of any liability. See *Mascaro, supra; Buschman, supra. Mascaro* expressly holds that the conduct or negligent act in question must be directly related to the condition of the property and the negligence of the governmental entity must amount to more than negligent supervision of others. *Mascaro, supra* at 361-62, 523 A.2d at 1123-24. As has been stated throughout this opinion, the real estate exception applies only to those cases where the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by the acts of others.

The plaintiff also alleges, for the first time post-trial, that the court erred in granting the compulsory nonsuit when the defendant is immune under one cause but not the other. He asserts that although the plank may have caused the loss of balance, the lack of fall protection on the trough was the cause of his injuries. While this may be true, the real estate exception only applies where the defect of the land *itself* causes the injury. It was not a defect in the trough itself that caused Mr. Canizares' injuries. His injuries were caused as a result of the fall when the plank on which he was standing gave way. This caused him to fall to the concrete surface.

The lack of fall protection is not realty and, therefore the real estate exception would not be applicable in this case. It would have only facilitated Mr. Canizares' injury. This being the case, the city would be immune from liability. *Mascaro, supra; Hawkins, supra.*

In conclusion, in order for a party to recover pursuant to 42 Pa.C.S. §8542, he must show that his injuries were caused by an artificial condition or defect in the land *itself*. After reviewing the evidence in this case in a light most favorable to the plaintiffs, we are of the opinion they have failed to meet their burden. Their claim does not fall within the parameters of the real estate exception to local governmental immunity. Thus, the court was duty bound to grant the motion for a compulsory nonsuit.