## Raynes v. Sewickley Township

C.P. of Westmoreland County, no. 5205 of 1995.

*James Villanova,* for plaintiff.
*Timothy J. Burdette,* for defendant.

LOUGHRAN, *J.,* April 4, 1996—The defendant, Sewickley Township, has filed preliminary objections to plaintiff's first amended complaint in the nature of a demurrer requesting that paragraphs 12(C), 12(G), 12(H), 12(I) and 12(J) be stricken. At argument counsel for the plaintiff conceded that 12(C), 12(I) and 12(J) should be stricken.

For the purpose of this discussion is left 12(G) and 12(H). It must be decided whether the allegations of these paragraphs fall within the exceptions to governmental immunity under 42 Pa.C.S. §8541.

The plaintiff-decedent, Jeremy Lee Raynes, drowned in a swimming pool operated by the defendant, Sewickley Township. Paragraphs 12(G) and (H) allege negligence as follows:

"(G) In maintaining a swimming pool which is itself real property in such a manner that it was, in effect, unguarded;

"(H) In maintaining the real estate which was defective because of reasons set forth within, without adequate safety equipment, in particular equipment designed to resuscitate drowned individuals;" Section 8541 of the Judicial Code, 42 Pa.C.S.

Section 8541 provides generally that no local agency shall be held liable for any injury to a person or to property. Eight specific exceptions to this general rule are listed in 42 Pa.C.S. §8542, and permit liability for injuries caused by a local agency's vehicles; personal property; real property; trees; traffic controls and street lighting; utility systems; streets, sidewalks; and animals. Plaintiff's allegations in 12(G) and (H) are premised upon piercing defendant's governmental immunity under the real property exception.

Under the real property exception to governmental immunity, a local agency may be held liable for injuries resulting from the "care, custody or control, of real property in the possession of the local agency . . . ." 42 Pa.C.S §8542(b)(3). This exception should be narrowly construed against a plaintiff in light of the legislature's express intent to insulate political subdivisions from tort liability. *Hough v. PennDOT,* 155 Pa. Commw. 162, 624 A.2d 780 (1993), *appeal denied,* 538 Pa. 613, 645 A.2d 1316 (1993). It is well-established that the real property exception pertains only to injuries caused by defects in the property itself, and *not* to injuries that merely happen to occur on government-owned property. *Messina v. Blairsville-Saltsburg School District,* 94 Pa. Commw. 100, 503 A.2d 89 (1986). Our appellate courts have repeatedly held that the failure to adequately supervise individuals on government-owned property does not fall within the real estate exception. See *e.g., Purdy v. Romeo,* 149 Pa. Commw. 281, 613 A.2d 91 (1992); *Davies v. Barnes,* 94 Pa. Commw. 145, 503 A.2d 93 (1986); *Messina, supra; Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987); *City of Philadelphia v. Buck,* 138 Pa. Commw. 250, 587 A.2d 875 (1991), *appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991); *Fizzano v. Borough of Ridley Park,* 94 Pa. Commw. 179, 503 A.2d 57 (1986), *appeal denied,* 514 Pa. 640, 523 A.2d 346 (1987). This holds true even if the negligence that caused the injury was foreseeable. *Buck, supra.* Rather, the injury must result directly from some defect in the real property itself. See *Messina, supra; Mascaro, supra; Fizzano, supra.*

In examining 12(G) and (H) it appears that they allege inadequate equipment and absence of guards or "in

effect unguarded." Similar matters were held to be insufficient to establish a property defect in *Sims v. Silver Springs-Martin Luther School,* 155 Pa. Commw. 619, 625 A.2d 1297 (1993) wherein the court held:

"Sims also alleges that the removal of a lifeline and negligent supervision by the lifeguards contributed to his son's death." These are not allegations of a defect of the property itself.

The phrasing of 12(G) and (H) is merely plaintiff's attempt to create a real property exception. However, in this court's opinion, the allegation did not establish any exceptions.

Paragraph 12(G) merely faults defendant for leaving the pool unguarded. The absence of proper lifeguarding has nothing to do with any *physical* defects of the swimming pool. Paragraph 12(H) refers to a lack of adequate safety equipment with which drowning victims may be resuscitated. This alleged omission is one of failing to properly assess what equipment is needed at the swimming pool; it does not inculpate any particular defects in the pool or its design.

Accordingly, the objections of Sewickley Township must be sustained and paragraphs 12(C), (G), (H), (I) and (J) will be ordered stricken.

### ORDER

And now, to wit, June 4, 1996, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of the defendant, Sewickley Township, are granted and paragraphs 12(C), (G), (H), (I) and (J) of plaintiff's first amended complaint are hereby stricken.