511 A.2d 955

## Louis Leggieri and Dolores Leggieri, Appellants *v.* Township of Haverford, Appellee.

Argued June 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Eric B. Brauer*, with him, *John C. Marston*, *Marston & Shensky*, *P.C.*, for appellants.

*Paul R. Bartolacci*, with him, *William F. Holsten, II*, *Holsten & White*, for appellee.

PER CURIAM OPINION, July 16, 1986:

Louis and Dolores Leggieri appeal from a summary judgment entered against them by the Court of Common Pleas of Delaware County in their suit in trespass against the Township of Haverford (township).

The pleadings and the deposition of Mrs. Leggieri show, for the purpose of the township's motion for summary judgment, that in November 1977 the Leggieris purchased a home in the Glendale Farms Subdivision, located in the township; that the developer, with the township's approval, constructed a house on a hill above the Leggieris' property; and that beginning in 1980, surface water from the adjacent higher property flowed upon the Leggieri property during rains.

In 1981, the Leggieris filed an action in trespass against the developer and the owners of the alleged offending property, seeking damages. The township asserts in its brief, and no one disputes, that the matter was referred to an arbitration panel, which found for the Leggieris and against the owners of the offending property but against the Leggieris and for the developer.

Unfortunately for the Leggieris, the owners of the offending property were, or soon became, judgment proof. The Leggieris thereupon filed their complaint in trespass against the township. The Leggieris allege that the township was negligent when in 1979 it approved the developer's subdivision plans, failed to require the developer to correct the injury to their property, and released escrow funds before repairs were made and before the expiration of the escrow agreement. The complaint was filed on May 1, 1984.

The township filed an Answer containing New Matter, asserting that the Leggieris' cause of action was barred by the statute of limitations; and that the township, a local agency, was immune from damages pursuant to 42 Pa. C. S. §§8541-8564, the Political Subdivision Tort Claims Act. The township later filed a motion for summary judgment on both grounds. The trial court granted the motion, holding that the Leggieris' cause of action was barred by the statute of limitations, which the parties agree is two years, and that the township was rendered immune by the Political Subdivision Tort Claims Act.

The Leggieris contend that their cause of action is not barred by the statute of limitations because the flow of water is a continuing trespass. They say that "the negligently designed water drainage system which was approved by the township causes a new trespass and new injury to plaintiffs with each heavy rain." This is not a case for the application of the principle. In *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964), the Supreme Court of Pennsylvania held that where the trespass upon land effects a permanent change in the condition of the land, the statute of limitations begins to run from the time of the original trespass. The Leggieris allege that "the source of the injury is continuous." Mrs. Leggieri testified that they ob-

served the run off and the injuries to their land as early as 1980 and they sued the developer and their neighbor in 1981. This suit against the township brought in 1984 was clearly untimely.

The trial court also properly held that the township was immune by virtue of the Political Subdivision Tort Claims Act which at 42 Pa. C. S. §8541 provides that "no local agency shall be liable for any damages on account of any injury to . . . property caused by any act of the local agency or an employee thereof . . ." While the statute at 42 Pa. C. S. §8542(b) provides eight exceptions to governmental immunity, none encompasses the act which the Leggieris charge to the township.

The Leggieris have nevertheless invoked the exception found at 42 Pa. C. S. §8542(b)(5), which waives the immunity with respect to "[a] dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way. . . ." Here no facility owned by the township and located within a right-of-way was the cause of the discharge of water upon the Leggieris' property.

Judgment affirmed.

## PER CURIAM ORDER

AND NOW, this 16th day of July, 1986, the judgment of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.