**Obermayer, Rebmann, Maxwell & Hippel v. Banta**

*Roger P. Cameron,* for appellee.
*Kevin Laughlin,* for appellant.

DOTY, *J.,* February 9, 1996—In this matter, Mr. George E. Banta and Mr. Daniel Banta appeal an order by the undersigned entered on June 20, 1995 in the Court of Common Pleas of Philadelphia County. The appellants contend the trial court erred in awarding damages for unpaid legal fees and costs to plaintiff, Obermayer, Rebmann, Maxwell & Hippel, ORM&H, based on breach of contract, enforcement of accounts stated and quantum meruit. The order awarded plaintiff $82,142.52 together with per diem interest of $13.51 from February 4, 1992 to the entry of this order against Mr. George Banta and $74,455.92 together with per diem interest of $12.25 from February 4, 1992 to the entry of this order against Mr. Daniel Banta.

In this non-jury case, plaintiff sought damages for unpaid legal fees and costs incurred in its legal representation of defendants. ORM&H entered into four oral contracts with Mr. George Banta and one oral contract with Mr. Daniel Banta between March of 1988 and February of 1990. In each of these contracts, ORM&H agreed to provide legal representation in exchange for payment by the defendants.

In March of 1988, ORM&H and Mr. George Banta entered into an oral contract in which plaintiff agreed to provide legal services for the asset sale of Haulaway Trash Removal Inc., a closely held corporation whose primary shareholder and officer was defendant George Banta. The plaintiff performed these legal services, and the fees and costs incurred amounted to $581.20.

In April of 1988, ORM&H entered into a second oral contract with Mr. George Banta to provide legal services for litigation initiated by Richard Banta against his brother, defendant George Banta.

In January of 1990, ORM&H entered into a third oral contract with Mr. George Banta to provide legal services for litigation initiated by Keen Compressed Gas Co. against defendant George Banta. The plaintiff performed these legal services, and the fees and costs incurred amounted to $4,015.20.

An additional oral contract was established at this time between ORM&H and Mr. Daniel Banta for legal services regarding the Richard Banta litigation. The plaintiff performed legal services for both defendants regarding the Richard Banta litigation, and the fees and costs incurred amounted to $74,455.92.

In February of 1990, ORM&H entered into a final oral contract with Mr. George Banta to provide legal services for litigation initiated by Wood Processors Inc. against defendant George Banta. The plaintiff performed

these legal services, and the fees incurred amounted to $3,090.20.

Mr. George Banta and Mr. Daniel Banta failed to pay the fees and costs incurred by ORM&H during its legal representation of the defendants. On April 22, 1993, ORM&H filed a complaint to recover the aforementioned itemized legal fees pursuant to the five oral contracts established between March of 1988 and February of 1990. This complaint asserted three causes of action: breach of contract, enforcement of accounts stated and quantum meruit.

A stipulated non-jury trial was held on December 27 and 28, 1994. On June 20, 1995 this court entered an order against the defendant George Banta awarding ORM&H $82,142.52 together with per diem interest of $13.51 from February 4, 1992 to the entry of this order. Also, the court returned an order against defendant Daniel Banta awarding the plaintiff $74,455.92 together with per diem interest of $12.25 from February 4, 1992 to the entry of this order.

For the purposes of scope of review, a judge's findings at a stipulated non-jury trial have the same force and effect as a jury's verdict. *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989); *Piccinini v. Teachers Protective Mutual Life Insurance Co.,* 316 Pa. Super. 519, 463 A.2d 1017 (1983); *Slaseman v. Myers,* 309 Pa. Super. 537, 455 A.2d 1213 (1983). Further, at a stipulated trial, the judge may make "all credibility determinations and resolve [any] conflicts in the evidence." *Gemini Equipment v. Pennsy Supply,* 407 Pa. Super. 404, 411, 595 A.2d 1211, 1214 (1991). The scope of review of a stipulated trial order is limited to whether the court's judgment is based on a mistake of law or is unsupported by competent evidence. *Id.* at 412, 595 A.2d at 1215.

BREACH OF CONTRACT

Under Pennsylvania law, a breach of contract claim is established by showing four elements: existence of a contract to which the plaintiff and defendant are parties; essential terms of that contract; breach of duty imposed by the contract; and, damages to the plaintiff as a result of the breach. *Cottman Trans. v. Melody,* 851 F. Supp. 660 (E.D. Pa. 1994). Further, "the plaintiff in an action for breach of contract has the burden of proving damages resulting from the breach" by clear and precise evidence. *Spang & Co. v. U.S. Steel Corp.,* 519 Pa. 14, 25, 545 A.2d 861, 866 (1988); *Gorwara v. AEL,* 784 F. Supp. 239 (E.D. Pa. 1992).

In their motion for post-trial relief, appellants George Banta and Daniel Banta asserted appellee ORM&H failed to meet the threshold requirement of establishing the existence of the five oral contracts. In *Westinghouse Electric Co. v. Murphy, Inc.,* 425 Pa. 166, 171-72, 228 A.2d 656 (1967), the court provided the following test used to establish the existence of oral contracts, ". . . if evidence of the contract is not an integrated document, and, moreover, one partly or wholly composed of oral communications, . . . courts must look to surrounding circumstances and the course of dealings between the parties . . . to ascertain the intention of the parties." See also, *Silverstein v. Hornick,* 376 Pa. 536, 103 A.2d 734 (1954).

Using the *Westinghouse* test, ORM&H has established the existence of all five oral contracts. Both appellants admit ORM&H provided them with legal representation during their course of dealings. Secondly, neither appellant in his responsive pleading denied the existence of the oral contracts as part of their course of dealings with ORM&H.

Pa.R.C.P. no. 1029 provides the following pertinent provisions to responsive pleadings:

"(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive . . .

"(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

"(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial." Pa.R.C.P. no. 1029.

This rule establishes "a general denial has the effect of an admission, unless the denial falls within the exception appearing in subsection (c) of the rule." *City of Philadelphia v. Hertler,* 114 Pa. Commw. 475, 482, 539 A.2d 468, 472 (1988). An application of subsection (c) does not excuse a failure to deny or admit factual allegations when it is clear that the pleader must know if the allegations are true or not. *Cercone v. Cercone,* 254 Pa. Super. 381, 389, 386 A.2d 1, 4 (1978). Both Mr. George Banta and Mr. Daniel Banta were in positions to ascertain whether they entered into oral contracts with the appellee. Thus, the subsection (c) exception is inapplicable. Consequently, the appellants' general denials amount to admissions of the existence of all five oral contracts.

The threshold requirement to establish breach of contract requires there exist a contract *between the plaintiff and the defendants.* The four oral contracts made from April of 1988 to February of 1990 involved direct contractual obligations between ORM&H and either Mr.

George Banta or Mr. Daniel Banta. However, the first contract made in March of 1988 required ORM&H to provide legal representation for Haulaway Trash Removal, Inc.

A separate "corporate existence can be disregarded without a specific showing of fraud whenever it is necessary to avoid injustice or when public policy requires." *Lycoming County Nursing Home Association v. Commonwealth, Department of Labor and Industry,* 156 Pa. Commw. 280, 291, 627 A.2d 238, 244 (1993) quoting *Village of Camelback v. Carr,* 371 Pa. Super. 452, 462, 538 A.2d 528, 533 (1988). Appellant George Banta admitted ORM&H provided legal representation regarding the sale of Haulaway's assets. Mr. George Banta was also the primary recipient of the benefits of ORM&H's services due to his status as Haulaway's primary shareholder and officer. In *Superior Stores v. Pennsylvania Department of Health,* 151 Pa. Commw. 102, 107, 616 A.2d 166, 169 (1992), the court recognized, "[there are] certain circumstances which justify disregarding corporate form, such as . . . substantial intermingling of corporate and personal affairs." There was a strong intermingling of Haulaway's corporate affairs and Mr. George Banta's personal affairs given his status with Haulaway. Thus, it is justified to disregard the corporate form of Haulaway to pierce through to Mr. George Banta in order to avoid injustice. Consequently, the first oral contract established in March of 1988 exists between ORM&H and Mr. George Banta.

The second requirement to establish breach of contract is to show the essential terms of the contract. Three witnesses presented by ORM&H were deposed: Attorney Robert I. Whitelaw, Esquire, Attorney Gary L. Bragg, Esquire and Attorney Victor A. Young, Es-

quire. These witnesses testified the five oral contracts required ORM&H to perform legal services in exchange for fees promised by Mr. George Banta and Mr. Daniel Banta. These legal services in exchange for fees comprise the essential terms of all five contracts.

It is a well established rule that "the trial judge, sitting without a jury, has the discretion to determine the credibility of the witnesses." *Staffaroni v. City of Scranton,* 153 Pa. Commw. 188, 195, 620 A.2d 676, 680 (1993); see also, *Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). On the basis of witness credibility, "the trial court is free . . . to accept or reject testimony presented." *Aletto v. Aletto,* 371 Pa. Super. 230, 240 n.8, 537 A.2d 1383, 1388 n.8 (1988).

In the present matter, neither appellant proffered evidence contradicting the testimony of the three attorneys deposed by ORM&H. Thus, the credibility of these witnesses remains unimpeached. This court properly exercised its discretion in accepting the testimony of ORM&H's witnesses to support the finding that the essential terms of the contracts consisted of legal representation by ORM&H in exchange for fees to be paid by Mr. George Banta and Mr. Daniel Banta.

The third requirement to establish breach of contract is proving breach of duty pursuant to the essential terms of the contract. In *West Development Group Ltd. v. Horizon Financial,* 405 Pa. Super. 190, 199-200, 592 A.2d 72, 76 (1991), the court provided the following test for determining breach of duty, "What is sufficient performance and what is a breach depends upon the surrounding circumstances and the construction given the contract involved." See also, *Hewes v. McWilliams,* 412 Pa. 270, 194 A.2d 339 (1963).

Using the *West Development Group* test, ORM&H has proven the appellants breached their duty imposed

by the five contracts. The essential contracts' terms imposed the duty to pay legal fees to the appellee. Both Mr. George Banta and Mr. Daniel Banta admit in their motion for post-trial relief they failed to pay fees to the appellee. This nonpayment of legal fees constitutes an insufficient performance of the duty imposed by all five contracts.

The final requirement for providing breach of contract is for the plaintiff to establish damages by "clear and precise evidence." In its complaint, ORM&H provided documentation of the amount of legal fees it should have received from the appellants. "When there has been a breach of contract, damages are awarded in order to place the aggrieved party in the same economic position [it] would have been in had the contract been performed." *Bellefonte Area School District v. Lipner,* 81 Pa. Commw. 334, 339, 473 A.2d 741,744 (1984).

In the present matter, ORM&H has provided detailed records in its complaint of the economic loss it incurred from its legal representation of the appellants. The damages are the equivalent to this economic loss. This court is correct in awarding damages in the amount of these costs with interest incurred by ORM&H.

## ENFORCEMENT OF ACCOUNTS STATED

In an action of enforcement of accounts stated, the plaintiff must prove there is "an account in writing, examined and accepted by both parties, [of] which acceptance need not be expressly so, but may be implied from the circumstances . . . there must [also] be evidence of an acceptance, at least from the circumstances, by the defendant." *Robbins v. Wienstein,* 143 Pa. Super. 307, 17 A.2d 629 (1941).

The appellee has met its burden of proving the existence of accounts stated and their acceptance by the

appellants. In its complaint, ORM&H provided business records of the costs it incurred during its legal representation of appellants George Banta and Daniel Banta. Further, Attorney Robert I. Whitelaw, Esquire testified for ORM&H he mailed copies of these accounts to the post office box Mr. George Banta maintained for personal use. Consequently, both appellants had opportunity to reject the accounts or contest their validity.

The acceptance of accounts stated need not be express, but may be implied. *Id.* Neither appellant provided any evidence that he explicitly rejected the accounts mailed by ORM&H. In addition, Attorney Whitelaw testified Mr. George Banta expressed concern about his ability to pay the fees recorded in the accounts he received from ORM&H. Therefore, the appellants must have accepted the accounts stated if there was concern expressed about the ability to pay fees to the appellee. Finally, under Pennsylvania law, "account[s] stated may be opened or set aside on the basis of evidence of fraud or mistake, providing that evidence is clear and convincing." *Levin v. Garfinkle,* 492 F. Supp. 781 (E.D. Pa. 1980). Appellants George Banta and Daniel Banta never provided any evidence supporting a finding of fraud or mistake regarding the accounts stated by ORM&H.

## QUANTUM MERUIT

Quantum meruit is a form of restitution available when there has been no meeting of the minds between the parties. *Feingold v. Pucello,* 439 Pa. Super. 509, 654 A.2d 1093 (1995). This alternative theory for equitable relief need not be asserted if there exist valid contracts between the parties. In the present matter, this court has recognized a meeting of the minds between ORM&H and appellants George Banta and Daniel Banta

regarding the five contracts. However, an analysis of ORM&H's quantum meruit claim is useful in further corroborating its entitlement to damages.

A quantum meruit claim is "made out where one person has been unjustly enriched at the expense of another." *Id.* at 514, 654 A.2d at 1095. In order "[t]o sustain a claim of unjust enrichment, it must be shown 'that a person wrongly secured or passively received a benefit [so] that it would be unconscionable to retain' [it] without making payment." *Id.* at 515, 654 A.2d at 1096 quoting *Martin v. Little, Brown and Co.,* 304 Pa. Super. 424, 450 A.2d 984 (1981). Thus, a finding of quantum meruit requires restitution to be paid by the party who retained the benefit. *Id.;* see also, *Van Buskirk v. Van Buskirk,* 527 Pa. 218, 590 A.2d 4 (1991).

In the present matter, Attorney Victor A. Young, Esquire, Attorney Robert I. Whitelaw, Esquire and Attorney Gary L. Bragg, Esquire testified ORM&H performed legal services for appellants George Banta and Daniel Banta. These legal services, which were related to the asset sale of Haulaway Trash Removal Inc. and the litigation initiated by Richard Banta, Wood Processors Inc. and Keen Compressed Gas Co., directly benefitted the appellants. ORM&H never received payment of value for the benefits of these services. Consequently, both appellants George Banta and Daniel Banta have been unjustly enriched by the services provided by ORM&H. Therefore, the appellee is entitled to the value of the costs of these services, which has been recorded in the aforementioned accounts received by the appellants.

For the foregoing reasons, we maintain ORM&H has established it is entitled to unpaid legal fees based on breach of contract, enforcement of accounts stated and quantum meruit. Accordingly, our order awarding damages is affirmed, and the appeal is dismissed.