**Grudis v. Roaring Brook Township**

C.P. of Lackawanna County, no. 1997 CV 4903.

*Joseph A. Murphy,* for plaintiffs.
*Robert J. Murphy,* for defendants.

MINORA, *J.,* August 30, 2010—Before the court is defendant's, Roaring Brook Township, preliminary objections to plaintiff's third amended complaint.

## I. BACKGROUND

The plaintiffs reside at 11 Beechwood Drive and 9 Beechwood Drive, Roaring Brook Township, Lackawanna County, Pennsylvania. These two homes are located on adjoining lots, and between the two homes is an easement owned by the defendant. Within the defendant's easement is a surface water drainage system. In the plaintiffs' third amended complaint they have alleged the defendant owned, maintained, utilized, repaired and controlled the drainage easement which ran between the plaintiffs' properties. Plaintiffs have further alleged that the installation of the water drainage system, specifically a 16-inch diameter drainage pipe, has been inadequate to contain the surface water run off flowing down Beechwood Drive toward the intersection of Beechwood and Sunset Drive, where the plaintiffs' home is located.

The drainage pipe which is located on the drainage easement extends from a catch basin on Beechwood

Drive to a catch basin on Relda Road. Plaintiffs have alleged defendant has allowed this drainage pipe to fall into a state of disrepair, that the pipe is broken, and the pipe is totally inadequate to control the flow of water. Due to the state of disrepair of the drainage pipe, the plaintiffs have asserted their property has been inundated and flooded by surface water since 1995 to the present. Plaintiffs alleged that each moderate to heavy rainfall from October 1995 to the present has caused the plaintiffs to suffer damage to their property in the form of erosion, damage to lawns, trees, shrubs, pools, deposits of sediment, debris and garbage and pooling of water. Plaintiffs further allege that surface water run off entered their homes, damaging their homes and furnishings in October of 1995, January of 1996, summer of 2001, September of 2003, September 18 and 19 of 2004, June 27 of 2006 and July of 2007.

Defendants have filed seven preliminary objections to the third amended complaint. These preliminary objections are: (1) lack of specificity to paragraphs 6(a), 6(xv) and 7 through 13; (2) the third amended complaint is deficient for failing to comply with the notice requirements of 42 P.S. §5522(a); (3) the real property exception to immunity set forth in 42 Pa.C.S. §8542(b)(3) is inapplicable to plaintiffs' claims; (4) failure to follow the recommendations of a former municipal engineer is not an immunity exception and in any event does not state a cause of action for negligence; (5) plaintiffs do not have a cause of action for willful misconduct; (6) the utility service facilities immunity exception does not apply; and (7) an unknown family member who has not filed a lawsuit cannot recover against a defendant.

Plaintiffs have filed new matter to the defendant's preliminary objections which asserts that defendants failed to provide a notice to plead with their preliminary objections as required by the Pennsylvania Rules of Civil Procedure and that defendant's preliminary objections are malicious and vexatious and therefore plaintiffs should be awarded attorney's fees in the amount of $2,000.

An oral argument was held before this court on May 25, 2010 on defendant's latest set of preliminary objections to the third amended complaint and plaintiffs' new matter to the preliminary objections. This matter is now ripe for disposition. Plaintiffs' new matter to the preliminary objections and each of defendant's preliminary objections to the third amended complaint will be discussed separately below.

## II. DISCUSSION

### A. *Plaintiffs' New Matter to Defendant's Preliminary Objections*

Plaintiffs have asserted two issues in their new matter to defendant's preliminary objections to the third amended complaint. These issues are that defendant's preliminary objections should be deemed automatically denied because they failed to contain a notice to plead as required by Pa.R.C.P. 1026, and that plaintiffs are entitled to attorney's fees under 42 Pa.C.S. §2503 for the filing of vexatious, arbitrary, dilatory, frivolous or bad faith actions.

Pa.R.C.P 1026(a) states:

"Except as provided by Rule 1042.4 or by subdivision (b) of this rule, every pleading subsequent to the com-

plaint shall be filed within 20 days after service of the preceding pleading, *but no pleading need be filed* unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." (emphasis added)

All allegations contained within preliminary objections, which lack a notice to plead, are considered denied by operation of law by the express mandates of the Pennsylvania Rules of Civil Procedure. *Cooper v. Church of St. Benedict,* 954 A.2d 1216 (Pa. Super. 2008).

Pa.R.C.P. 1026(a) simply states that when a notice to plead is not attached to a preliminary objection the opposing party is relieved of their duty to file a responsive pleading because the allegations contained in the preliminary objections are deemed denied by the opposing party. While a failure to attach a notice to plead relieves the opposing party of their obligation to file a responsive pleading, this court is aware of no case law or rule which mandates an automatic dismissal of the pleading by the court when a party fails to attach a notice to plead. Nor does plaintiffs' counsel cite to authority granting the specific type of relief requested.

The Superior Court in *Van Mastrigt v. Delta Tau Delta,* 393 Pa. Super. 142, 148, 573 A.2d 1128, 1131 (1990), held that when preliminary objections fail to contain a notice to plead an answer is not required and the answering party is not required to respond. The Superior Court went on to hold that the lower court did not prematurely dismiss the appellant's complaint and that the lower court was under no obligation to allow appellant to respond to the preliminary objections. *Id.* The Superior Court's ruling in *Van Mastrigt* illustrates the rule that a court still must dispose of preliminary objec-

tions on their merits even when a notice to plead is lacking.

Further, the proper method for challenging the propriety of preliminary objection is by preliminary objection to the preliminary objection. *Chester Upland School District v. Yesavage,* 653 A.2d 1319, 1324 n.8 (Pa. Commw. 1994). When a defendant files an improper preliminary objection the proper challenge is to file a preliminary objection to strike the defendant's preliminary objection for failure of a pleading to conform to law or rule of court. *Devine v. Hutt,* 863 A.2d 1160, 1167 (Pa. Super. 2004).

The Commonwealth Court in *Borough of Nanty Glo v. Fatula,* 826 A.2d 58, 64 (Pa. Commw. 2003), held "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than . . . raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections."

In the instant case the plaintiffs have failed to file preliminary objections to the defendant's preliminary objections. Therefore, the plaintiffs have waived their claim to challenge the substantive or procedural defects of the defendant's preliminary objections. As such, plaintiffs' new matter to defendant's preliminary objections to the third amended complaint is denied.

Further, as laid out by the reasoning and analysis below plaintiffs' request for attorney's fees based on defendant filing vexatious, arbitrary, dilatory, frivolous or bad faith

actions is likewise denied. This court has found merit to some of defendant's preliminary objections and therefore plaintiffs' request must be denied. It is the burden of the party seeking counsel fees under statute permitting fees when opponent acted arbitrarily, vexatiously or in bad faith, to prove the existence of one of the statutory conditions. *Berg v. Georgetown Builders Inc.,* 822 A.2d 810 (Pa. Super. 2003). Such cannot be done here where defendant prevails on some objections.

## B. *Preliminary Objections Standard*

Preliminary objections are governed by Pa.R.C.P. 1028, "(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (3) insufficient specificity in a pleading." The Superior Court of Pennsylvania notes that the question presented by Pa.R.C.P. 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006) (citing *Ammlung v. City of Chester,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973) (quoting 1 Goodrich-Amram §1017(b)-9)).

The trial court has broad discretion in determining the amount of detail that must be pleaded since this is not something capable of precise measurement. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 134, 396 A.2d 677, 681 (1978), 2 Goodrich-Amram 2d §1019(a):9 (database updated May 2010). A complaint is suffi-

ciently specific if it provides enough facts to enable the defendant to frame a proper answer and prepare a defense. *Boyd v. Rockwood Area School District,* 907 A.2d 1157, 1167-68 n.20 (Pa. Commw. 2006). In determining whether a particular paragraph in a complaint is stated with the necessary specificity, such paragraph must be read in context with all the allegations in the complaint. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission (PGC),* 950 A.2d 1120 (Pa. Commw. 2008).

"Preliminary objections in the form of motions to strike items in a complaint under Pa.R.C.P. 1028(a)(3) can be for lack of specificity of pleading pursuant to Pa.R.C.P. 1019(a)." *Moore v. Dozwonczyk,* no. 07 CV 2074, Minora, *J.,* (Oct. 10, 2008) (Lacka. Cty.). Pa.R.C.P. 1019(a) states "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products Inc.,* 868 A.2d 624, 635 (Pa. Commw. 2005).

The complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. *Cardenas v. Schober,* 783 A.2d 317, 325 (Pa. Super. 2001). It is not necessary that the plaintiff identify the specific legal theory underlying the complaint, as it is the court's duty to discover from the facts alleged in a complaint the cause of action, if any, stated therein. *Id.* Further, the Rules of Civil Procedure are to be liberally interpreted. See Pa.R.C.P. 126.

Pa.R.C.P. 1028(a) provides the standard for preliminary objections. As stated by the Commonwealth Court in *Richardson v. Beard,* 942 A.2d 911, 913 (Pa. Commw. 2008):

"In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Sheffield v. Dept. of Corrections,* 894 A.2d 836 (Pa. Commw. 2006). Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id.* We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion. *Myers v. Ridge,* 712 A.2d 791 (Pa. Commw. 1998)."

"Preliminary objections in the nature of [a] demurrer test the legal sufficiency of the [Lackawanna's] complaint." *Sexton v. PNC Bank,* 792 A.2d 602, 604 (Pa. Super. 2002) (citation omitted), *appeal denied,* 572 Pa. 725, 814 A.2d 678 (2002). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Mistick Inc. v. Northwestern National Casualty Company,* 806 A.2d 39, 42 (Pa. Super. 2002). (citation omitted) Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. *Cooper v. Frankford Health Care System Inc.,* 960 A.2d 134 (Pa. Super. 2008). (citation omitted) Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overrul-

ing the demurrer. *Kane v. State Farm Fire and Casualty Company,* 841 A.2d 1038 (Pa. Super. 2003).

### C. *Defendant's Preliminary Objections to the Third Amended Complaint*

#### 1. Lack of Specificity to Paragraphs 6(a), 6(a)(xv), and 7 Through 13.

The section of paragraph 6(a) which defendants have objected to states "Plaintiffs suffered damage to property, erosion, damage to lawn, trees, shrubs, pools, deposits of sediment, debris, garbage and pooling of water which include, *but are not limited to the following: . . . .*" Plaintiffs' third amended complaint. (emphasis added) Paragraph 6(a)(xv) states: "Plaintiff, Grudis, replace driveway and drainage systems." *Id.*

The phrase "but are not limited to the following" in paragraph 6(a) is too vague and ambiguous to give any reasonable notice to defendant as to what is included but "not limited". While absolute specificity is not required, the court is required to eliminate broad ambiguous allegations from the complaint. See *Rambo, supra,* 906 A.2d at 1236 (the complaint should inform the targeted defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense). This open. ended language states no claim whatsoever and could act as an open door for an unlimited amount of future claims to be introduced by the plaintiff, by ambush, at a later date. Pennsylvania is a fact-pleading state and the above emphasized quoted language of paragraph 6(a) makes a broad ambiguous

allegation with insufficient notice to defendant on how to prepare their defense. *McShea v. City of Philadelphia,* 995 A.2d 334 (Pa. 2010).

Paragraph 6(a)(xv) is sufficiently plead. It simply states that "Plaintiff, Grudis, replace driveway and drainage system." Plaintiff's third amended complaint. This language is sufficiently specific, and supported by Grudis' sworn affidavit, to notify defendant of the plaintiffs' claim and to allow the defendant to formulate a defense. Plaintiff does not need to plead absolute specificity, just the material facts needed for the defendant to prepare and answer and proper defense.

Defendant asserts that paragraphs 7 thru 12 are insufficiently specific because they fail to state specific dates relating to plaintiffs' allegations that the drainage easement and pipe has caused damage to their properties. Defendant asserts paragraph 13 is insufficiently specific because it fails to plead dates and times of when the plaintiffs allegedly made requests to Roaring Brook Township regarding the flooding problem.

An examination of these paragraphs illustrates they are sufficiently specific. While paragraphs 7 thru 13 do not state specific dates and time relating to plaintiffs' cause of action, they are sufficiently specific to put defendant on notice of the claim being asserted and the defense they should prepare. Further dates and times that defendant asserts are lacking in the third amended complaint can potentially be information within the present control of the defendant or information which can later be ascertained through discovery. Therefore, this court concludes paragraphs 7 thru 13 are sufficiently specific.

## 2. The Third Amended Complaint Is Deficient for Failing To Comply With the Notice Requirements of 42 Pa.C.S. §5522(a)

42 Pa.C.S. §5522(a) states:

"(1) Within six months from the date that *any injury was sustained or a cause of action accrued,* any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the attorney general, a statement in writing, signed by or in his behalf, setting forth:

"(i) The name and residence address of the person to whom the cause of action has accrued. (ii) The name and residence address of the person injured. (iii) The date and hour of the accident. (iv) The approximate location where the accident occurred. (v) The name and residence or office address of any attending physician.

"(3) In the case of a civil action or proceeding against a government unit other than the Commonwealth government:

"(i) The time for giving such written notice does not include the time during which an individual injured is unable, due to incapacitation or disability from the injury, to give notice, not exceeding 90 days of incapacity. (ii) if the injuries to an individual result in death, the time for giving notice shall commence with such death. (iii)

*Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person.*" (emphasis added)

Plaintiffs have asserted that they gave formal written notice to the defendant within six months of the date of the first flooding which caused damage to the plaintiffs' properties, which would represent when "any cause of action accrued" per 42 Pa.C.S.§5522(a). Plaintiffs attached a correspondence, sent from their attorney at the time, to plaintiffs' response to defendant's preliminary objections. This correspondence specifically stated it was to give the defendant formal written notice of the plaintiffs' intent to file a claim for damages sustained on October 21, 1995. The correspondence was dated November 22, 1995.[1]

Taking as true all well-pled facts, it is the conclusion of this court the plaintiffs provided the defendants with sufficient notice. Attorney Povanda's correspondence dated November 22, 1995 would be sufficient to constitute formal written notice under 42 Pa.C.S. §5522(a)(1). Further, pursuant to 42 Pa.C.S. §5522(a)(3)(iii) failure to provide the six-month notice will not be a bar to filing suit against a government unit which is not the Commonwealth if the governmental unit had actual notice. In the present case the plaintiffs have plead the defendant had actual notice of the suit and the defendant is a gov-

---

1. The correspondence is written by Attorney Peter Povanda and was sent to Roaring Brook Township Supervisors Anthony Jordan, Reed Kennedy and Robert Farischon. The correspondence is attached to plaintiffs' response to defendant's preliminary objections filed July 24, 2009.

ernment unit which is not the Commonwealth. Therefore, notice would be sufficient under 42 Pa.C.S. §5522(a)(3)(iii) as well as under §5522(a)(1). The statute does not require a new six month notice after each and every near actionable rain storm which results in further damage to the plaintiffs.

### 3. The Real Property Exception to Immunity Set Forth in 42 Pa.C.S. §8542(b)(3) Is Inapplicable to Plaintiffs' Claims

"Local government agencies are generally immune from tort liability under the Tort Claims Act. (citation omitted) There are limited exceptions to such immunity and an injured party may recover in tort from a local governmental agency if: (1) damages would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of eight enumerated categories." *Repko v. Chichester School District,* 904 A.2d 1036, 1040 (Pa. Commw. 2006).

42 Pa.C.S. §8542(b)(3) provides an exception to immunity for the "care, custody or control of real property in the possession of the local agency," except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. Because the legislature intended to insulate government agencies from liability, the exceptions to immunity are to be narrowly construed against injured plaintiffs. *Wilson v. Norristown Area School District,* 783 A.2d 871, 875 (Pa. Commw. 2001).

The Commonwealth Court in the *Repko* case stated "there are two approaches that can be used to determine whether to apply the real estate exception to immunity under the Tort Claims Act, and that, at times, deciding which approach to apply under a given set of facts is challenging. Under the *Blocker* approach, the determinative inquiry is whether the injury is caused by personalty, which is not attached to the real estate, or by a fixture, which is attached. Under the *Grieff* approach, the determinative inquiry is whether the injury is caused by the care, custody or control of the real property itself. Both approaches have been applied by the courts." *Repko, supra.*

The Commonwealth Court in *Staffaroni v. City of Scranton,* 153 Pa. Commw. 188, 620 A.2d 676, 679 (1993), determined that the city's placement of a drainage pipe negligently caused damage to the plaintiff's property, that the damage was a foreseeable consequence of the city's action, and that the plaintiff's claim would be recoverable at common law. The Commonwealth Court went on to state that the real property exception to government immunity of 42 Pa.C.S. §8542(b)(3) provides a remedy for injuries caused by artificial conditions or defects of the land itself, and that the drainage pipe is an artificial condition of the city's real property. *Staffaroni, supra.*

Applying the reasoning of the *Staffaroni* case to the present case leaves this court to conclude that the real property exception of 42 Pa.C.S. §8542(b)(3) to the Political Subdivision Tort Claims Act is applicable to the present case, and removes immunity from the defendant. At this stage of the proceedings we must accept as true

all well-pled material facts and all reasonable inferences drawn front the facts. In the present case the defendant installed a drainage pipe and grate system on their right of way lying between the plaintiffs' two properties. The plaintiffs have alleged that the drainage pipe, an artificial condition, was under the care, custody and control of the defendant and that the defendant allowed the drainage pipe to fall into disrepair, causing the damage to their property.

Therefore, defendant's preliminary objection that the real property exception to immunity set forth in 42 Pa.C.S. §8542(b)(3) is inapplicable to plaintiffs' claims is denied.

### 4. Failure To Follow the Recommendations of a Former Municipal Engineer Is Not an Immunity Exception and in Any Event Does Not State a Cause of Action for Negligence

Defendant has requested the court dismiss all of the allegations in the plaintiffs' third amended complaint concerning the prior recommendations of the Frederick C. Spott and Associates Engineering Firm. The defendant asserts they have discretionary authority to determine what drainage system should be established inside the municipality, and that they cannot be liable for damage caused by the alleged insufficiency of the drainage system.

The plaintiffs have asserted the prior report of Frederick C. Spott and Associates Engineering Firm goes to the notice requirements of 42 Pa.C.S. §8542(b)(5), and that liability can be established when a municipality

improperly constructs a drainage system and allows a drainage system to fall into disrepair.

42 Pa.C.S. §8542(b)(5) is the utility service facilities exception to immunity under the Political Subdivision Tort Claims Act. Section 8542(1)(5) states

"a dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights of way, except that the claimant to recover must establish that the dangerous condition created a reasonable foreseeable risk of the kind of injury which was incurred and *that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.*" (emphasis added)

Under this section 8542(b)(5) the prior report of Frederick C. Spott and Associates Engineering Firm could be found by a jury to constitute notice to the defendant. For this reason alone the references to the prior report of Frederick C. Spott and Associates Engineering Firm were properly pled in the complaint.

Further, the issue of whether or not the defendant has the discretion to establish a drainage system has not been challenged. The plaintiffs have challenged the defendant's care, custody, control, maintenance and construction of a drainage system. The Commonwealth Court in *Pastore v. Commonwealth State System of Higher Education for Use of Edinboro University of Pennsylvania,* 152 Pa. Commw. 111, 124, 618 A.2d 1118, 1125 (1992), denied a township's motion for summary judgment on

the ground that inadequacy of a storm water system was a proper cause of action under 42 Pa.C.S. §8542(b)(5). Therefore, defendant's preliminary objection to the prior report of Frederick C. Spott and Associates is denied.

### 5. Plaintiffs Do Not Have a Cause of Action for Willful Misconduct

The defendant has asserted that under the Political Subdivision Tort Claims Act a township can only be liable for the negligent acts and not willful misconduct. 42 Pa.C.S. §8542(a)(2) states "as used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." Plaintiffs conceded at oral argument the defendant cannot be liable for willful misconduct. Therefore, defendant's preliminary objection that plaintiffs do not have a cause of action for willful misconduct is granted, paragraph 16 of the third amended complaint shall be stricken.

### 6. The Utility Service Facilities Exception to Immunity Set Forth in 42 Pa.C.S. §8342(b)(5) Is Inapplicable to Plaintiffs' Claims

As stated previously the utility service facilities exception applies to dangerous conditions owned by the local agency located within rights of way, which created a reasonable foreseeable risk of the kind of injury which occurred and which the local agency had actual notice or could reasonably charged with notice under the circumstances. 42 Pa.C.S. §8542(b)(5).

The defendant relies on the case of *Leggieri v. Township of Haverford*, 98 Pa. Commw. 646, 511 A.2d 955

(1986), for the assertion that the township is immune from liability. The *Leggieri* case stands for the proposition that a township is immune, and the utility service facilities immunity does not apply, from liability for the governmental unit's approval of a subdivision. However, per the *Pastore* case *Leggieri* does not apply to liability based on ownership and operation of a storm sewer system. *Pastore, supra* at 124, 618 A.2d at 1125. (*Leggier v. Haverford Township,* 98 Pa. Commw. 646, 511 A.2d 955 (1986), provides no authority for township immunity under the allegations present here because that case involved the township only with respect to its action in approving a subdivision, not with respect to its ownership and operation of a storm sewer system.)

The Commonwealth Court determined that to narrowly construe sewer under section 8542(b)(5) to only sanitary sewers would lead to an unreasonable result, because local agencies would be liable for failing to correct dangerous conditions in their sanitary sewers, but would have not incentive to correct such conditions in their storm water drainage systems. *City of Washington v. Johns,* 81 Pa. Commw. 601, 606, 474 A.2d 1199, 1202-1203 (1984). The *City of Washington v. Johns* court went on to state that many sewers are a combination of both storm and sanitary drainage functions, and that often the court has used the word sewer to refer to one or both uses. *Id.* A storm water management system comprised of culverts, basins, swales and/or drains has been repeatedly held by the Pennsylvania Commonwealth Court to be the equivalent of a "sewer" for purposes of the immunity statute. *Rooney v. City of Philadelphia,* 623 F. Supp.2d 644, 653 (E.D. Pa. 2009); see *e.g., Staffaroni v. City of Scranton,* 153 Pa. Commw. 188, 620 A.2d 676 (1993); *DeTurk v. South Lebanon Township,* 116 Pa.

Commw. 557, 542 A.2d 213 (1988); *Medicus v. Upper Merion Township,* 82 Pa. Commw. 303, 475 A.2d 918 (1984).

Whether the sewer system was negligently maintained, creating a dangerous condition, whether that dangerous condition creates a reasonably foreseeable risk of injury and whether the township had notice of the dangerous condition are all questions of fact for the jury to decide. *McCarthy v. City of Bethlehem,* 962 A.2d 1276, 1279-80 (Pa. Commw. 2008). Liability does attach if a plaintiff can prove damages resulted from the negligence in the construction or maintenance of the sewer system. *Rooney, supra,* 623 F. Supp.2d at 654 (E.D. Pa. 2009); *McCarthy, supra; LaForm v. Bethlehem Township,* 346 Pa. Super. 512, 530, 499 A.2d 1373, 1382 (1985); *City of Washington, supra.*

In the present case the plaintiffs have alleged that the defendant allowed the drainage pipe to fall into disrepair, become broken in certain areas, and is totally inadequate to contain the flow of water. Taking as true all of these factual allegations the plaintiffs have properly plead the necessary requirements of the utility services facilities exception to the Political Subdivision Tort Claims Act. Therefore, defendant's preliminary objection the utility service facilities exception to immunity set forth in 42 Pa.C.S. §8542(b)(5) is inapplicable to plaintiffs' claims is denied.

### 7. An Unknown Family Member Who Has Not Filed a Lawsuit Cannot Recover Against a Defendant

Defendant asserts that paragraphs 20 and 26 of the third amended complaint should be stricken because there

is no identification of the family members to whom the plaintiffs have alleged there is a significant and dangerous condition. The defendant argues that an unnamed person not a party to the lawsuit cannot recover damages for an unspecified injury. Paragraphs 20 and 26 state "As a direct, proximate and foreseeable result of the negligence of the defendant, Township of Roaring Brook, as enumerated herein, the plaintiffs aver and believe that the continued flooding of their property poses a significant and dangerous condition to the members of their families at their residence."

The plaintiffs argue that paragraphs 20 and 26 go to the utilities service facilities exception to governmental immunity, and that the allegations in these paragraphs go to the interruption to the quiet enjoyment of their property.

Pennsylvania Rules of Civil Procedure requires all actions to be prosecuted in the name of the real party in interest. Pa.R.C.P. 2002. While paragraphs 20 and 26 when read in isolation could be interpreted as trying to assert a cause of action for unidentified individuals, when reading the third amended complaint as a whole it is clear paragraphs 20 and 26 are pleading facts relevant to plaintiffs' causes of action for quiet enjoyment. Therefore, defendant's preliminary objection that an unknown family member who has not filed a lawsuit cannot recover against a defendant is granted in part, in that paragraphs 20 and 26 are limited to plaintiffs' causes of action for quiet enjoyment of their property.

An appropriate order follows.

## ORDER

And now, August 30, 2010 upon consideration of the pleadings and their supporting briefs, it is hereby ordered as follows:

(1) Plaintiffs' new matter to defendant's preliminary objections to the third amended complaint is disposed of as follows:

(a) Plaintiffs' request to dismissal of the preliminary objections for lack of a notice to plead is denied and dismissed.

(b) Plaintiffs' request for attorney's fees is denied and dismissed.

(2) Defendant's preliminary objection of lack of specificity to paragraphs 6(a), 6(a)(xv), and 7 through 13 is granted in part and denied in part.

(a) Defendant's preliminary objection for lack of specificity to paragraphs 6(a) and 6(a)(xv) are granted. The language in paragraph 6(a) which states "but are not limited to the following" and paragraph 6(a)(xv) are stricken.

(b) Defendant's preliminary objection for lack of specificity to paragraphs 7 thru 13 are denied and dismissed.

(3) Defendant's preliminary objection that the third amended complaint is deficient for failing to comply with the notice requirements of 42 P.S. §5522(a) is denied and dismissed.

(4) The real property exception to immunity set forth in 42 Pa.C.S. §8542(b)(3) is inapplicable to plaintiffs' claims is denied and dismissed.

(5) Defendant's preliminary objection to failure to follow the recommendations of a former municipal engineer is not an immunity exception and in any event does not state a cause of action for negligence is denied and dismissed.

(6) Defendant's preliminary objection that plaintiffs do not have a cause of action for willful misconduct is granted, paragraph 16 of the third amended complaint shall be stricken.

(7) The defendant's preliminary objection the utility service facilities exception to immunity set forth in 42 Pa.C.S. §8542(b)(5) is inapplicable to plaintiffs' claims is denied.

(8) Defendant's preliminary objection that an unknown family member who has not filed a lawsuit cannot recover against a defendant is granted in part, in that paragraphs 20 and 26 are limited to plaintiffs' causes of action for quiet enjoyment of their property.

(9) Defendant is ordered to file an answer on the merits within 20 days of the date of this order.

